Catherine M. Dee, Respondent, v. The New York Central and Hudson River Railroad Company, Appellant.— Judgment and order affirmed, with costs. All concurred.

Alfred E. Aldridge, Respondent, v. Ætna Life Insurance Company, Appellant. — Judgment and order affirmed, with costs. All concurred.

George C. Schminke and Christopher Schminke, Respondents, v. Anna Rosenberg, Appellant.— Judgment affirmed, with costs. New trial to be had in the Municipal Court of the city of Rochester on the 8th day of February, 1910, at ten o'clock in the forenoon. All concurred.

Thomas Mulrooney, Appellant, v. Charles H. Billings and Erwin C. Fralick, Respondents.— Judgment affirmed, with costs. All concurred.

Victoria M. Colwell, as Administratrix, etc., of Arnold H. Colwell, Deceased, Appellant, v. The New York Central and Hudson River Railroad Company, Respondent.— Judgment affirmed, with costs. All concurred.

Thomas De Ford, Appellant, v. Kinne & Kinne Company, Respondent.— Motion for leave to appeal to Court of Appeals denied, with ten dollars costs.

The People of the State of New York, Respondent, v. John Kraus, Appellant. — Motion granted dismissing appeal.

The People of the State of New York, Respondent, v. Mosemiliano Ferrato and Garguino Albrico, Appellants.— Motion granted dismissing appeal.

The People of the State of New York, Respondent, v. Jennie Carmody, Appellant.— Passed twice and dismissed under rule 39.*

---

SECOND DEPARTMENT, JANUARY, 1910.

LONG ISLAND CONTRACTING AND SUPPLY COMPANY, Appellant, v. THE CITY OF NEW YORK, Respondent.

*Contract — breach — damages — value of soil.*

Appeal by the plaintiff from a judgment of the Supreme Court, entered in the clerk's office of Queens county on April 29, 1909, in favor of the plaintiff, and from an order entered on April 27, 1909, denying its motion for a new trial.

Judgment and order affirmed, with costs. No opinion. Hirschberg, P. J., Burr, Thomas and Rich, JJ., concurred; Woodward J., read for reversal.

WOODWARD, J. (dissenting): I am unable to concur for affirmance, in so far as it relates to the point raised by plaintiff's exception to the exclusion of evidence of the market value of the top soil. It seems clear to me that the provisions of the contract referred to in the report indicate that the contractor was to have the top soil as a part of the consideration for doing the work. This was not a collateral agreement, but a part of the main contract. The plaintiff did not seek to prove a sub-contract for removing the surplus top soil, but merely the amount that would have accrued from a sale of it in the open market, as an element of damage resulting from the defendant's breach of the contract. It is conceded

---

* General Rules of Practice, rule 39.— [REP.